

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>THOMAS GENE EDWARDS,<br><br>Defendant/Movant. | Cause No. CR 16-95-BLG-SPW<br>CV 18-92-BLG-SPW<br><br>ORDER RECHARACTERIZING AND DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On June 4, 2018, Defendant Edwards filed a motion to dismiss the superseding information underlying his guilty plea of March 30, 2017. *See* Mot. (Doc. 60). Edwards, a federal prisoner proceeding pro se, was notified that the Court intended to recharacterize his motion as a motion under 28 U.S.C. § 2255. He was also given an opportunity to withdraw it or to add claims. *See* Order (Doc. 61) at 1-2. Edwards responded on June 29, 2018, agreeing to recharacterization. *See* Resp. to Order (Doc. 62) at 1.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

1

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Edwards was indicted on one count of conspiring to possess with intent to distribute 500 or more grams of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); possession, between December 2015 and June 2016, of 500 grams or more of the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2); distribution, in June 2016, of a substance containing a detectable amount of methamphetamine, a violation of 21 U.S.C. § 841(a)(1) (Count 3); and possessing a firearm in furtherance of the drug trafficking crimes alleged in Counts 1 and 2, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). There was also a forfeiture allegation. *See* Indictment (Doc. 1) at 1-5. If convicted of all counts, Edwards faced a total mandatory minimum sentence of 15 years in prison and a maximum of life. *See* 21

U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

Pursuant to a plea agreement, Edwards pled guilty to a superseding information charging him with one count of conspiring to possess with intent to distribute 50 grams or more of a substance containing methamphetamine. Conviction of that charge subjected him to a mandatory minimum sentence of five years and a maximum of 40 years. *See* Superseding Information (Doc. 40) at 1-2; 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(viii).

Edwards was sentenced to serve 135 months in prison, to be followed by a five-year term of supervised release. *See* Minutes (Doc. 53); Judgment (Doc. 54) at 2-3.

Edwards did not appeal. His conviction became final on August 16, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his (recharacterized) motion under 28 U.S.C. § 2255 on June 4, 2018. *See* 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Edwards claims the Court lacked jurisdiction because the charging documents were not properly signed and because 21 U.S.C. § 841 prohibits only the single act of manufacturing and then distributing a controlled substance, not separate acts of manufacturing and distributing. He also claims he "never personally was presented with a charging document." Mot. (Doc. 60) at 11.

### A. Subject-Matter Jurisdiction

Under 18 U.S.C. § 3231, this Court has subject-matter jurisdiction over alleged violations of federal drug trafficking and firearms laws. No argument against jurisdiction is available here.

### B. Manufacture

Edwards also contends the United States failed to prove an essential element of the crime it charged against him. The statute Edwards admitted violating provides:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
>
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841(a).

Edwards contends that the comma between "manufacture" and "distribute" in subsection (1) means "and." He suggests Congress put "manufacture" first because it was most important. He then infers that Congress's "emphasis" on manufacturing means it did not intend to punish those who merely distribute controlled substances. He concludes that the charging documents were defective because they failed to allege the essential element of manufacturing. *See* Mot. (Doc. 60) at 5-12.

The word "manufacture" appears first in § 841(a)(1). There the Court's agreement with Edwards ends. Generally, commas separating items or ideas in a series take their meaning from the conjunction—"or" or "and"—placed between the next-to-last and last items in the series. "Lions, tigers, or bears" means "lions or tigers or bears," not "either bears or both lions and tigers." Without strong evidence that Congress intended an unconventional construction of the phrase "manufacture, distribute, or dispense," its language should not mean "either dispense or both manufacture and distribute." The Court sees no such evidence.

Under Edwards' reading of the statute, neither manufacturers nor distributors could be convicted under 21 U.S.C. § 841 unless manufacturers distribute and distributors manufacture. That result simply is not required by Congress, the comma, or the courts. In fact, the Ninth Circuit has occasionally described the purpose of § 841 in terms unrelated to manufacturing. "[I]n enacting § 841, Congress intended to prevent individuals from *acquiring* drugs for whatever purpose on behalf of others and then *transferring* the drugs to those others." *United States v. Pearson*, 391 F.3d 1072, 1075 (9th Cir. 2004) (quoting *United States v. Wright*, 593 F.2d 105, 108 (9th Cir. 1979)) (internal quotation marks omitted) (emphases added); *see also, e.g.*, 9th Cir. Jury Instrs. (Crim.) Nos. 9.18-9.19, at 455-458 (2010 ed.) (addressing "distribution or manufacture").

Manufacturing is not an essential element of every charge filed under 21

5

U.S.C. § 841. Its omission from both the indictment and the superseding information was immaterial. This claim is denied.

**C. Signatures**

Edwards also contends that signatures on the indictment and the superseding information were "forged."

A charging document need not be signed by *the* United States Attorney. *See, e.g., United States v. Walls*, 577 F.2d 690, 696 (9th Cir. 1978) (citing *United States v. Wright*, 365 F.2d 135, 137 (7th Cir. 1966) (approving signatures like those in Edwards' case)). If there was something objectionable in the signatures, competent counsel could be expected to point it out. But there was nothing objectionable. Bryan Whittaker signed the Superseding Information in lieu of Zeno Baucus, *see* Superseding Information (Doc. 40) at 2, and Joe Thaggard signed both the information, *see id.*, and the indictment, *see* Indictment (Doc. 1) at 5. Neither Thaggard nor Whittaker claimed to *be* United States Attorney Michael Cotter, then-Acting United States Attorney Leif Johnson, or Baucus. Thaggard and Whittaker signed their own names. That was not forgery. And Baucus, Thaggard, and Whittaker were Assistant United States Attorneys authorized to represent the United States in this Court.

Federal Rule of Criminal Procedure 6(c) requires the foreperson of the grand jury to sign all indictments. The indictment in this case was properly signed. *See*

6

Indictment (Doc. 1) at 5 (under seal).[1] It is not "conceivable that the indictment never actually was presented to a grand jury." Mot. (Doc. 60) at 8. This claim is denied.

### D. Presentment

Finally, Edwards alleges he "never personally was presented with a charging document." Mot. (Doc. 60) at 11. On October 31, 2016, Edwards acknowledged that he had read and understood the indictment. *See* Minutes (Doc. 14). At his change of plea hearing, he acknowledged he had read and understood the superseding information. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

---

[1] The original indictment is sealed because the signature is "identifying information" about the grand jury foreperson. *See* Fed. R. Crim. P. 49.1 advisory committee's note (2007).

(2000)).

Edwards's claims do not meet the relatively low threshold for issuance of a COA. The Court United States charged Edwards with violating federal drug trafficking and firearms laws, so the Court had subject-matter jurisdiction under 18 U.S.C. § 3231. Manufacturing is not an essential element of conspiracy to distribute a controlled substance. Counsel authorized to represent the United States signed the charging documents and did not forge anyone else's signature. The foreperson of the grand jury signed the indictment. Edwards acknowledged he had read the indictment and the superseding information. Reasonable jurists would find no room for debate here. A COA is not warranted.

## V. Transcript

Because Edwards did not appeal, the transcript of the change of plea hearing was not prepared. It is necessary to determine one of Edwards's claims. The United States will be required to order it for the Court's record and for Edwards.

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held on March 30, 2017, is required to decide an issue presented by Edwards.

2. The United States shall immediately order the transcript for the Court's file, with a copy to be delivered to Thomas Gene Edwards, BOP # 08449-091, FCI

8

Victorville Medium I, Federal Correctional Institution, P.O. Box 3725, Adelanto, CA 92301.

3. Edwards's motion to dismiss (Doc. 60) is RECHARACTERIZED as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

4. So recharacterized, the motion is DENIED.

5. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Edwards files a Notice of Appeal.

6. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-92-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Edwards.

DATED this 23rd day of July, 2018.

/s/ Susan P. Watters
Susan P. Watters
United States District Court